The Honorable Ken Cassady Prosecuting Attorney Twenty-Second Judicial District 102 South Main Street Benton, AR 72015
Dear Mr. Cassady:
I am writing in response to your request for an opinion on the following:
In Op. Att'y Gen. 98-226, your office opined that A.C.A. § 14-14-705
was inapplicable to the question of whether a quorum court member was prohibited from serving on a county planning board because county planning boards are governed specifically by A.C.A. § 14-17-201 et seq.
Question 1: Is A.C.A. § 14-14-705(3), which establishes a two (2) consecutive term limit for county advisory and administrative board members, applicable to county planning board members as well?
Question 2: Is A.C.A. § 14-14-705(3) applicable to county airport commissioners appointed pursuant to A.C.A. § 14-357-102?
Question 3: Are there limits to the terms of members of either county planning boards or county airport commissioners?
RESPONSE
In my opinion, with respect to your first question, A.C.A. §14-14-705(3) (Repl. 1998) is inapplicable to county planning board members appointed pursuant to A.C.A. § 14-17-203 (Repl. 1998). In my opinion, with respect to your second question, A.C.A. § 14-14-705(3) is inapplicable to county airport commissioners appointed pursuant to A.C.A. § 14-357-102 (1987). In my opinion, with respect to your third question, state law does not provide for any limitation on the number of terms an individual may serve as either a member of the county planning board or commission of a county airport commission.
Question One: Is A.C.A. § 14-14-705(3), which establishes a two (2) consecutive term limit for county advisory and administrative board members, applicable to county planning board members as well?
In my opinion, A.C.A. § 14-14-705(3) is inapplicable to a county planning board member. In addressing whether the dual service prohibition contained in A.C.A. § 14-14-705(3)(D) applied to a quorum court member serving on a county planning board, one of my predecessors opined that A.C.A. § 14-14-705 was inapplicable to county planning boards. Op. Att'y Gen. 98-226 at 1-2. I agree with my predecessor's analysis. While A.C.A. § 14-14-705 authorizes and governs general county advisory and administrative boards, the specific statutory scheme governing a county planning board places such a planning board outside of the purview of A.C.A. § 14-14-705.
Question Two: Is A.C.A. § 14-14-705(3) applicable to county airport commissioners appointed pursuant to A.C.A. § 14-357-102?
In my opinion, A.C.A. § 14-14-705(3) is inapplicable to a county airport commission organized under A.C.A. §§ 14-357-101 through -108 (1987).
Similar to the analysis in response to Question One, A.C.A. §14-14-705 applies to advisory and administrative boards created by the county to fulfill various functions. The General Assembly specifically authorized counties to create airport commissions and set forth standards governing the powers and duties of such a commission through state law at A.C.A. §§ 14-357-101 through -108. In my opinion, the more specific, and significantly different, county airport commission statutes properly apply instead of the general statutes addressing county advisory and administrative boards.
Question Three: Are there limits to the terms of members of either county planning boards or county airport commissioners?
Upon review of the applicable statutes, there is no statutory limitation on the number of terms an individual may serve as a member of a county planning board or county airport commission.
Specifically, A.C.A. § 14-17-203 states with regard to membership on the county planning board:
(a) The county judge of any county may, with the approval of the majority of the members of the county quorum court, create a county planning board. The board shall consist of not less than five (5) members nor more than twelve (12) members appointed by the judge and confirmed by the court. At least one-third (1/3) of the members shall not hold any other elective office or appointment, except membership on a municipal or joint planning commission or a zoning board of adjustment.
(b) The term of each member shall be four (4) years. In the initial appointments to the board, a majority, but not exceeding three-fifths (3/5) of the total membership of the board, shall be appointed for two (2) years and the remaining members for four (4) years. A vacancy in the membership due to death, resignation, removal, or other cause shall be filled by an appointee of the judge, confirmed by the court, for the unexpired term. Any member of the board shall be subject to removal for cause upon recommendation of the judge and confirmation by the court.
Id.
Similarly, A.C.A. § 14-357-102 states with regard to membership on a county airport commission:
(a) The first commissioners shall be appointed by the county court in the order creating the airport commission.
(b) Of the commissioners first appointed, one (1) shall serve for a term of one (1) year, one (1) shall serve for a term of two (2) years, one (1) shall serve for a term of three (3) years, one (1) shall serve for a term of four (4) years, one (1) shall serve for a term of five (5) years, one (1) shall serve for a term of six (6) years, and one (1) shall serve for a term of seven (7) years, to be determined by lot at the first meeting of the commission.
(c) Upon the expiration of the respective terms, successor commissioners shall be appointed by the remaining commissioners, subject to the approval of the county court, for a term of seven (7) years.
Id.
Neither statute contains a limitation on the number of terms an individual may serve under the plain and ordinary language of the statute. As a consequence, state law does not provide limits to the terms of the officials you reference.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General